1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11    HECTOR MARTIN PRIETO,                      No.  1:25-cv-00649-SAB (PC)

12                    Plaintiff,                  ORDER DIRECTING CLERK OF COURT
                                                  TO RANDOMLY ASSIGN A DISTRICT
13           v.                                   JUDGE TO THIS ACTION

14    JOHN DOE,                                   FINDINGS AND RECOMMENDATION
                                                  RECOMMENDING DISMISSAL OF
15                                                ACTION FOR FAILURE TO STATE A
                    Defendant.                    COGNIZABLE CLAIM FOR RELIEF
16
                                                  (ECF No. 13)
17

18
             Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42
19
      U.S.C. § 1983.
20
             Currently before the Court is Plaintiff's first amended complaint, filed July 31, 2025.
21
      (ECF No. 13.)
22
                                                 I.
23
                                   SCREENING REQUIREMENT
24
             The Court is required to screen complaints brought by prisoners seeking relief against a
25
      governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The
26
      Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally
27
      "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[]
28

                                                 1

1   monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B);

2   see also 28 U.S.C. § 1915A(b).

3        A complaint must contain "a short and plain statement of the claim showing that the pleader

4   is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but

5   "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

6   do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly,

7   550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally

8   participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir.

9   2002).

10        Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings

11   liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d

12   1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be

13   facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that

14   each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S.

15   Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted

16   unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability"

17   falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**II.**

**COMPLAINT ALLEGATIONS**

20        The Court accepts Plaintiff's allegations in the complaint as true *only* for the purpose of the

21   screening requirement under 28 U.S.C. § 1915.

22        On October 24, 2024, while waiting to be moved to another building at the California

23   Correctional Institution, Plaintiff was asked to provide a stool sample by Defendant registered

24   nurse V. Cay. After using the toilet, Plaintiff placed the stool sample in the kit that was provided

25   by V. Cay. The stool sample had blood in it due to Plaintiff bleeding from his rectum area

26   because of ongoing medical issues. When V. Cay approached Plaintiff's cell, Plaintiff explained

27   his medical issues, and V. Cay asked for Plaintiff to hand over the stool sample kit. Plaintiff was

28   concerned because the stool sample did not contain his name tag. Plaintiff explained his medical

1   issues to V. Cay and advised him that he had several medical emergencies he had to be

2   transferred to an outside hospital.  Plaintiff has complained for several years of many different

3   symptoms which have worsened over time.  An investigation revealed that Plaintiff's food has

4   been tampered with as a form of retaliation.

5       When Plaintiff expressed his concern to V. Cay about his stool sample not having a name

6   tag on it, V. Cay became agitated, unprofessional, and negligent to Plaintiff's medical needs.

7   Defendant V. Cay simply stated, "Keep it.  Then proceeded to walk off."  Health care services

8   and the appeal branch has determined that Defendant Cay's actions constituted medical

9   negligence.  Due to Defendant's actions, Plaintiff had to request to speak with a supervisor or

10  someone above Defendant V. Cay.  Custody had another registered nurse go speak to Plaintiff.

11  Plaintiff explained his issue to the female nurse who then proceeded to bring Plaintiff a cup as

12  well as a small bag.  Plaintiff was instructed to bring back the cup with the toilet paper that had

13  blood on it-the previous day.

14      Plaintiff was not medically evaluated or called in for a follow-up regarding the blood in

15  his stool sample.  All of Plaintiff's claims have been investigated and it was found that Defendant

16  V. Cay was in violation of staff misconduct for medical negligence pursuant to California Code

17  of Regulations, title 15, section 3486.1.  This incident took place in a medical holding area where

18  there is video footage to prove Plaintiff's allegations.

19                                    **III.**

20                              **DISCUSSION**

21  **A.    Deliberate Indifference to Serious Medical Need**

22      Under 42 U.S.C. § 1983, to maintain an Eighth Amendment claim based on prison

23  medical treatment, an inmate must show "deliberate indifference to serious medical needs."

24  Estelle v. Gamble, 429 U.S. 97, 104 (1976). In the Ninth Circuit, the test for deliberate

25  indifference consists of two parts. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal

26  citations omitted). First, the plaintiff must show a serious medical need by demonstrating that

27  failure to treat a prisoner's condition could result in further significant injury or the unnecessary

28  and wanton infliction of pain. Id. (internal citations and quotations omitted.)  Second, the plaintiff

must show that the defendant's response to the need was deliberately indifferent. Id. The second prong is satisfied by showing "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Id.  Indifference "may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Id. (internal citations omitted).  However, an inadvertent or negligent failure to provide adequate medical care alone does not state a claim under § 1983. Id.

"A difference of opinion between a physician and the prisoner – or between medical professionals – concerning what medical care is appropriate does not amount to deliberate indifference." Snow v. McDaniel, 681 F.3d 978, 987 (9th Cir. 2012) (citing Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122-23 (9th Cir. 2012) (citing Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986).  Rather, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to [his] health." Snow, 681 F.3d at 988 (citing Jackson, 90 F.3d at 332) (internal quotation marks omitted).)  In addition, "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; Snow, 681 F.3d at 987-88, overruled in part on other grounds, Peralta, 744 F.3d at 1082-83; Wilhelm, 680 F.3d at 1122.

Here, Plaintiff alleges that Defendant V. Cay improperly refused to collect his stool sample and failed to notify medical staff about the blood in his urine.  However, Plaintiff's allegations demonstrate that his stool sample was collected the following day by a female registered nurse and sent for testing.  Plaintiff has failed to allege or demonstrate how the one-day delay in collecting the urine sample caused him actual harm.  Further, Plaintiff has failed to demonstrate that the blood in his urine constituted a serious medical need or that nurse V. Cay was deliberately indifferent in not collecting the sample after Plaintiff refused to turn it over without a name tag.  Indeed, there are insufficient allegations to plausibly suggest that Plaintiff suffered significant harm by the one-day delay in collecting his urine sample as he acknowledges

no further medical examination was ordered.  See Simmons v. G. Arnett, 47 F.4th 927, 933 (9th

Cir. 2022) (holding that under deliberate indifference standard "harmless delays in treatment are

not enough to sustain an Eighth Amendment claim."); Berry v. Bunnell, 39 F.3d 1056, 1057 (9th

Cir. 2004) ("minor delay" of two hours before a prisoner was taken to the medical clinic and

prescribed antibiotics after he first noticed blood in his urine was not evidence of deliberate

indifference where prisoner was unable to show the delay caused any harm).  In sum, Plaintiff has

alleged nothing more than potential negligence and/or a violation of a prison regulation, both of

which do not give rise to a cognizable claim for deliberate indifference in violation of the Eighth

Amendment.

### B.    Retaliation

"Prisoners have a First Amendment right to file grievances against prison officials and to

be free from retaliation for doing so." Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012)

(citing Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009)).  "Within the prison context, a

viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a

state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected

conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and

(5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson,

408 F.3d 559, 567-68 (9th Cir. 2005).  To state a cognizable retaliation claim, Plaintiff must

establish a nexus between the retaliatory act and the protected activity.  Grenning v. Klemme, 34

F.Supp.3d 1144, 1153 (E.D. Wash. 2014).

Mere verbal harassment, abuse, or threats do not violate the Constitution and, thus, does

not give rise to a claim for relief under 42 U.S.C. § 1983. Oltarzewski v. Ruggiero, 830 F.2d 136,

139 (9th Cir. 1987); Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987).  In addition, not every

allegedly adverse action will support a retaliation claim. See, e.g., Huskey v. City of San Jose,

204 F.3d 893, 899 (9th Cir. 2000) (retaliation claim cannot rest on "the logical fallacy of post hoc,

ergo propter hoc, literally, 'after this, therefore because of this'") (citation omitted).  Plaintiff has

the burden of demonstrating that his exercise of his First Amendment rights was a substantial or

motivating factor behind the defendant's conduct. Mt. Healthy City Sch. Dist. Bd. of Educ. v.

1    *Doyle*, 429 U.S. 274, 287 (1977); *Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1314 (9th

2    Cir. 1989).

3          Here, Plaintiff fails to state a cognizable retaliation claim.  Plaintiff fails to demonstrate

4    that any adverse action, namely, nurse Cay's failure to collect Plaintiff's urine sample, was done

5    out of retaliation for the exercise of a protected conduct, i.e., filing an inmate grievance and/or

6    lawsuit.  Instead, Plaintiff submits that "for some 'odd' reason, [he] was told to hold on to [the

7    urine sample] "and return the following day."  (ECF No. 13 at 12.)  There are simply no factual

8    allegations by which retaliation can be inferred.  *See* *Huskey v. City of San Jose*, 204 F.3d at 899

9    (a retaliation claim cannot rely solely on an adverse activity following protected speech).

10   Accordingly, Plaintiff fails to state a cognizable retaliation claim.

11         **C.      Violation of Prison Regulation**

12         Plaintiff makes repeated reference to the fact that Defendant V. Cay violated prison

13   regulations by his medical negligence.  However, the mere violation of a prison regulation does

14   not give rise to a cognizable claim for relief. *See, e.g.*, *Nible v. Fink*, 828 F. App'x 463, 464 (9th

15   Cir. 2020) (violations of title 15 of the CCR do not create private right of action); *Manzanillo v.*

16   *Jacquez*, 555 F. App'x 651, 653 (9th Cir. 2014) (ruling that a failure to record an interview with a

17   prisoner in violation of prison policy does not constitute a violation of a federal right); *Richson-*

18   *Bey v. Watrous*, No. 1:23-cv-01482-JLT-GSA (PC), 2023 WL 3956148, at *12 (E.D. Cal. June

19   12, 2023) ("There is no independent cause of action under 42 U.S.C § 1983 for a violation of title

20   15 regulations"); *Romero v. Katavich*, No. 1:11-cv-0935-LJO-MJS (PC), 2012 WL 484782, at

21   *11 (E.D. Cal. Feb. 14, 2012) (California prison regulations do not give rise to protected due

22   process rights). *Cf*. *Nurre v. Whitehead*, 580 F.3d 1087, 1092 (9th Cir. 2009) (section 1983

23   claims must be premised on violation of federal constitutional right); *Lovell v. Poway Unified*

24   *Sch. Dist.*, 90 F.3d 367, 370–71 (9th Cir. 1996) ("To the extent that the violation of a state law

25   amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the

26   federal Constitution, Section 1983 offers no redress.") (citation omitted).

27         As set forth above, mere noncompliance with prison policies or grievance procedures,

28   absent more, does not rise to the level of a constitutional violation. *Mann v. Adams*, 855 F.2d

639, 640 (9th Cir. 1988).  Accordingly, Defendant Vay's alleged failure to comply with regulations does not serve as a basis for a section 1983 action.

### D.     Further Leave to Amend

If the Court finds that a complaint or claim should be dismissed for failure to state a claim, the Court has discretion to dismiss with or without leave to amend. Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (citation omitted). However, if, after careful consideration, it is clear that a claim cannot be cured by amendment, the Court may dismiss without leave to amend. Cato, 70 F.3d at 1105-06.

In light of Plaintiff's failure to provide additional information about his claims despite specific instructions from the Court, further leave to amend would be futile and the first amended complaint should be dismissed without leave to amend. Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile."). Here, Plaintiff's allegations fail to give rise to a constitutional violation, and Plaintiff has previously been given leave to amend.  Accordingly, further leave to amend the complaint should be denied.

### IV.

### CONCLUSION AND ORDER

Accordingly, it is HEREBY ORDERED that the Clerk of Court shall randomly assign a District Judge to this action.

Further, it is HEREBY RECOMMENDED that the instant action be dismissed, without further leave to amend, for failure to state a cognizable claim for relief.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with this Findings and Recommendation, Plaintiff may file written

1   objections with the Court, limited to 15 pages in length, including exhibits.  The document should

2   be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is

3   advised that failure to file objections within the specified time may result in the waiver of rights

4   on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v.

5   Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

6

7   IT IS SO ORDERED.

8   Dated:   **September 15, 2025**                          _____

9                                                                STANLEY A. BOONE
                                                                 United States Magistrate Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28